### SMITH et al. v. SADLER et al.

No. 17021—Opinion Filed Sept. 21, 1926.

**Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

In a case dependent entirely upon the facts proved, and where no unmixed question of law is involved, a verdict and judgment which are reasonably supported by the evidence are conclusive in this court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by G. B. Smith and W. L. Connelly against S. W. Sadler and another to recover a broker's commission in a real estate transaction. Judgment for defendants, and plaintiffs bring error. Affirmed.

This action was commenced originally in justice court, the bill of particulars alleging in substance that plaintiffs are engaged in the real estate business in the city of Lawton, as individuals, and that defendants verbally listed certain hotel property in Chattanooga, Okla., with plaintiffs for sale or trade; that plaintiffs exchanged said property for a farm, and that by reason of these services rendered by plaintiffs to defendants, defendants are indebted to them in the sum of $150 as commission in effecting said trade.

Defendant Lizzie Sadler filed her separate answer, consisting of a general denial, and the affirmative allegation that the property at Chattanooga was the sole and separate property of this answering defendant, and that she never listed the same with either of the plaintiffs for sale or trade, nor did she authorize any other person to do so for her, and that she is therefore not liable to plaintiffs for commission by reason of their said alleged services.

S. W. Sadler filed his separate answer, consisting of a general denial, and an allegation that the person with whom the trade was made for the Chattanooga property paid a commission to plaintiffs for their services, and that this answering defendant never agreed to pay any commission whatsoever; he further alleged title to the property traded to be in Lizzie Sadler, and that she never authorized him or any person to list said property with plaintiffs, nor to contract to pay them a commission for any services rendered by them.

There was trial in justice court, and judgment rendered in favor of plaintiffs, from which defendants perfected their appeal to the district court of Comanche county, and the case was tried de novo upon the original pleadings filed by the parties in justice court, a jury being waived and all issues being submitted to the court. At the conclusion of plaintiffs' evidence the court sustained the demurrer of Lizzie Sadler to plaintiffs' evidence, and overruled the demurrer of S. W. Sadler to this evidence. At the conclusion of all of the testimony the court rendered judgment in favor of the defendants and against the plaintiffs, who, after unsuccessful motion for new trial, have brought the case here by petition in error with case-made attached for review.

J. F. Thomas, for plaintiffs in error.

H. N. Whalin, for defendants in error.

Opinion by LOGSDON, C.  Only one proposition is presented and argued for reversal of this case, that being that the judgment of the trial court is contrary to the evidence and not sustained thereby.

This is purely a fact case.  The testimony for plaintiff tended to establish that the defendant S. W. Sadler listed the property in Chattanooga with the plaintiff Smith, for sale or trade, and that at the time of such listing he was informed that plaintiffs, G. B. Smith and W. L. Connelly, were acting together, but not as partners. It appears further from the testimony of plaintiffs that a man named Baugh sometime previously had listed with plaintiffs a farm owned by him, and had agreed to pay plaintiffs a commission in the event they succeeded in selling or trading said farm.  It was also disclosed by plaintiffs' testimony that neither of the plaintiffs ever had any conversation with the defendant Lizzie Sadler, in reference to the listing of this property with them, nor in reference to the payment of any commission in event the property was sold or traded, notwithstanding their testimony further shows that they were advised by Lizzie Sadler, prior to making the trade, that the property was her sole and separate property. It was further shown by plaintiffs' testimony that Baugh paid them a commission by executing a note in their favor when the deal was closed, and that this note has been paid.

On the part of defendants the testimony tended to show that the property listed with plaintiffs by S. W. Sadler was the sole and separate property of Lizzie Sadler, and that she never agreed to pay the plaintiffs any commission, nor did she authorize her husband, S. W. Sadler, to make any such contract in her behalf, and that his listing of the property with plaintiffs was without her knowledge or consent.

In substance, the above abstract is thought to be a fair statement of the testimony upon the material question involved in the case, viz.: Was there a contract between plaintiffs and the owner of the property by which their services were engaged and agreed to be compensated?  This being a jury case, and only tried to the court by agreement of the parties, the rule as to jury trials applies, and the judgment of the trial court must be affirmed if there is any evidence in the record reasonably tending to support the same.  It is clearly evident from an examination of all of the testimony preserved in the record, that plaintiff never at any time had any contract or agreement with the defendant Lizzie Sadler to handle or sell her separate property, or to receive any commission for their services in so doing. Neither is there any evidence preserved in the record showing that S. W. Sadler acted as her authorized agent in the transaction on which plaintiffs base their claim, nor that they ever asked her to ratify any of the acts of her husband after learning prior to the consummation of the trade that she claimed to be the sole and separate owner of the property.  There is affirmative proof on the part of p'aintiffs that Baugh paid plaintiffs a commission for trading his farm to defendants, but no proof of any kind or charactesr to establish that Lizzie Sadler agreed to pay them a like commission in the same transaction.

There being evidence in the record reasonably tending to support the judgment of the trial court, the same must be and is in all things affirmed.

By the Court:  It is so ordered.

Note.—See 4 C. J. p. 853, § 2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.